### THE STATE OF IOWA V. CORRETTE.

1. PERTINENCY OF INSTRUCTIONS. Instructions should always be applicable and pertinent to the evidence submitted.
2. SAME: EVIDENCE. When the record does not disclose the evidence which was submitted on the trial in the court below, the appellate court will presume that the ruling of the court on an instruction asked was justified by the evidence.

*Appeal from Washington District Court.*

WEDNESDAY, DECEMBER 4.

DEFENDANT was indicted for permitting gaming contrary to the provisions of § 2721 of the Code of 1851. The indictment charges that the persons playing were unknown to the grand jurors. This instruction was asked by defendant: "If all the persons playing in the house were shown by the evidence to have been known to the grand jurors, or to the witnesses examined before them, and might have been known to them, the defendant must be acquitted." Defendant was convicted, and appeals, assigning the refusal of this instruction, as error.

*Grant & Smith* for the appellant, cited 2 East P. C. 651; *Rex* v. *Robinson*, 1 Holt 595.

*C. C. Nourse*, Attorney General for the State.

It is not necessary, in an indictment for suffering and permitting gaming, to name the persons who were permitted to play. *Romp* v. *The State of Iowa*, 3 G. Greene 276; *Commonwealth* v. *Lampton*, 4 Bibb. 260; *Montee* v. *The Commonwealth*, 3 J. J. Marsh. 132; *Prynes Case*, 2 East. P. C. 783; Whart. Am. Cr. L. 289.

WRIGHT, J.—The applicability of the instruction asked does not appear by bill of exceptions or otherwise. What the testimony was no where appears. If it be granted, as urged by defendant's counsel, that it should affirmatively

appear that the persons playing were unknown, it would by no means follow that an instruction would be pertinent, which assumes that the persons playing were shown by the evidence to be known to the grand jurors. Instructions asked should always be applicable and pertinent to the testimony submitted. If there is no testimony warranting the position assumed in an instruction, it should be refused. And when refused, and none of the testimony is before us, we are bound to presume that the refusal was justified.

Affirmed.